UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>BRENTON A. FITZGIBBON,<br>                     Debtor, | Case No. 12-22537 (RDD) |
| BRENTON A. FITZGIBBON,<br>                     Plaintiff,<br>       v.<br><br>SETERUS and QBE FIRST INSURANCE AGENCY, INC.,<br>                     Defendants. | Chapter 13<br><br><br><br><br><br>Adv. Case No. 13-08348 (RDD) |

       This Confidential Settlement Agreement and Release ("Agreement") is made and entered into as of _____ (the "Effective Date") by plaintiff BRENTON A. FITZGIBBON ("Plaintiff") and defendants SETERUS ("Seterus") and QBE FIRST INSURANCE AGENCY ("QBE FIRST"; and together with Seterus, "Defendants").  Defendants and Plaintiff are collectively the "Parties," and each individually is a "Party."

## RECITALS

       WHEREAS, on March 14, 2012, Plaintiff filed a petition for relief under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York, Case No. 12-22537 (RDD) (the "bankruptcy case");

       WHEREAS, on or about October 17, 2013, Plaintiff commenced an adversary proceeding, captioned *Brenton A. Fitzgibbon v. Seterus and QBE FIRST Insurance Agency*, Adv. Case No. 13-08348 (RDD) (the "Litigation"), in the bankruptcy case; and

       WHEREAS, the Parties agree that it is in their mutual interests to avoid the uncertainty and expense of this Litigation by reaching a settlement and accommodation of the certain matters encompassed herein, without any admission of law or fact.

       NOW, THEREFORE, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

**TERMS AND RELEASES**

1. <u>SETTLEMENT PROVISIONS</u>

   A. **Agreement Execution**. On or before March 24, 2014 (the "Execution Date"), Plaintiff shall execute two original counterparts of this Agreement and deliver one original counterpart and a completed W-9 tax form to Defendants' respective counsel.

   B. **Payment By Seterus**. Seterus shall pay the sum of $4,000.00 by check made payable to Plaintiff ("Payment 1") within thirty (30) business days of the completion of all of the following events: (1) the receipt by Defendants' Counsel of a copy of the Agreement executed by Plaintiff; (2) the receipt by Defendants' Counsel of a completed W-9 tax form pursuant to Paragraph 1(A) above; and (3) Plaintiff's delivery of an executed Dismissal with Prejudice to Defendants' Counsel pursuant to Paragraph 1(D) below.

   C. **Payment By QBE FIRST**. QBE FIRST shall pay the sum of $4,000.00 by check made payable to Plaintiff ("Payment 2"; and together with Payment 1, the "Payments"), within thirty (30) business days of the completion of all of the events set forth in Paragraph 1(B) above.

   D. **Dismissal with Prejudice**. Within five (5) business days of the Effective Date, Plaintiff shall cause his counsel to deliver an executed Dismissal with Prejudice of the Litigation, in the form attached as Exhibit A to this Agreement, together with any other documents required to dismiss the Litigation with prejudice, to Defendants' Counsel as set forth in Paragraph 2(H) herein. Defendants' Counsel shall not file the Dismissal with Prejudice until Plaintiff's Counsel has confirmed receipt of the Payments.

   E. **Full Satisfaction**. The Payments are in full satisfaction of each and every claim that was made in the Litigation or that could have been made in the Litigation and it includes all attorneys' fees and costs that Plaintiff may have incurred in connection with the Litigation.

   F. **Plaintiff's Release.** For consideration of the Payments, the receipt and sufficiency of which are hereby expressly acknowledged, Plaintiff for himself and each of his present and former heirs, executors, administrators, partners, co-obligors, co-guarantors, guarantors, sureties, family members, spouses, attorneys, insurers, agents, representatives, predecessors, successors, assigns and all those who claim through him or could claim through him (collectively "**Releasors**") unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge Defendants and each of their present, former and future parents, predecessors, successors, assigns, assignees, affiliates, subsidiaries, divisions, departments, subdivisions, owners, partners, principals, trustees, creditors, shareholders, joint ventures, co-venturers, officers and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents (alleged, apparent or actual), representatives,

employees, managers, administrators, and/or each person or entity acting or purporting to act for them or on their behalf (collectively the "**Releasees**"), and each of them respectively, from and against any and all past and present claims, counterclaims, actions, defenses, affirmative defenses, suits, rights, causes of action, lawsuits, set-offs, costs, losses, controversies, agreements, promises and demands, or liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known, whether existing now or to come into existence in the future, arising at law or in equity, by right of action or otherwise, including, but not limited to, suits, debts, accounts, bills, damages, judgments, executions, warranties, attorneys' fees, costs of litigation, expenses, claims and demands whatsoever that the Releasors, or their attorneys, agents, representatives, predecessors, successors and assigns, have or may have against the Releasees, for, upon, or by reason of any matter, cause or thing, whatsoever, in law or equity, including, without limitation, any claim or issue which was or could have been brought in the Litigation (collectively "**Released Matters**").

G. **Confidentiality and Notices**. As a material inducement and an indivisible part of the consideration to be received by Defendants to enter into this Agreement, the Parties agree that Plaintiff will maintain this Agreement, the terms of this Agreement, and the settlement provided for herein (collectively the "Information") as confidential on a going forward basis as of the date of this Agreement.  Toward that end, Plaintiff agrees that he and his attorneys will neither disclose nor reveal to any person or entity or directly or indirectly publish, publicize, disseminate or communicate to any person or entity the Information on a going forward basis as of the date of this Agreement, including but not limited to a prohibition on Plaintiff and his attorneys posting or otherwise disclosing Information on the internet or any other paper or electronic media outlet (including but not limited to news organizations websites or newspapers, email, Facebook, MySpace, Twitter, etc.).  This paragraph will not apply to any required filings in the Litigation or bankruptcy case.

H. **Non-Disparagement.**  Releasors and their counsel will not, directly or indirectly, make any negative or disparaging statements against the Releasees maligning, ridiculing, defaming, or otherwise speaking ill of the Releasees, and their business affairs, practices or policies, standards, or reputation (including but not limited to statements or postings harmful to the Releasees' business interests, reputation or good will) in any form (including but not limited to orally, in writing, on social media, internet, to the media, persons and entities engaged in radio, television or Internet broadcasting, or to persons and entities that gather or report information on trade and business practices or reliability) that relate to this Agreement, Information (as defined above) and the factual allegations made in the Litigation or any matter covered by the release within this Agreement.  Nothing in the Agreement shall, however, be deemed to interfere with each Party's obligation to report transactions to appropriate governmental, taxing and/or registering agencies.

2. <u>ADDITIONAL TERMS</u>

A. **Adequate Consideration.** The consideration received in connection with this Agreement is fair, adequate and substantial and consists only of the terms set forth in this Agreement.

B. **Covenant Not to Sue.** Plaintiff agrees not to cause claims to be made in any court or other forum against the Releasees for any matter within the scope of the releases contained herein.

C. **Further Assurances.** Each Party agrees to take all reasonable steps necessary to effectuate the terms of this Agreement.

D. **No Admission of Liability.** Each Party understands and agrees that this Agreement and the settlement provided for herein, are intended to compromise disputed claims and defenses, to avoid litigation and to buy peace, and that this Agreement and the settlement provided for herein shall not be construed or viewed as an admission by any Party of liability or wrongdoing, such liability being expressly denied. This Agreement, and the settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence or support a contention that any Party acted illegally, improperly, or in breach of law, contract or proper conduct.

E. **Waiver.** The failure of Plaintiff to demand from Defendants performance of any act under the Agreement shall not be construed as a waiver of Plaintiff's right to demand, at any subsequent time, such performance. The failure of Defendants to demand from Plaintiff performance of any act under the Agreement shall not be construed as a waiver of Defendants' right to demand, at any subsequent time, such performance.

F. **Tax Consequences.** Plaintiff agrees that if it is later determined by the Internal Revenue Service or any other taxing body that taxes of any type should have been paid in connection with any benefit he receives pursuant to this Agreement, he will be solely responsible for paying such taxes. Defendants make no representations or warranties regarding the legal effect or tax consequences of this Agreement, or of any such filing or reporting by Defendants. Plaintiff further expressly acknowledges that he neither received nor relied upon any tax advice from Defendants or their representatives and attorneys.

G. **Choice of Law.** This Agreement shall be construed in accordance with and all disputes hereunder shall be controlled by the laws of the State of New York without regard to New York's choice of law rules.

H. **No Interpretation of Captions or Headings**. The captions and headings within this Agreement are for ease of reference only and are not intended to create any substantive meaning or to modify the terms and clauses either following them or contained in any other provision of this Agreement.

I. **Severability.** If any provision of the Agreement or the application thereof is held invalid by a court, arbitrator or government agency of competent jurisdiction, the Parties agree that such a determination of invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions and thus shall remain in full force and effect or application.

J. **Neutral Interpretation and Counterparts.** The Parties shall be deemed to have cooperated in the drafting and preparation of this Agreement. Hence, any construction to be made of this Agreement shall not be construed against any Party. This Agreement may be executed in counterparts and each executed counterpart shall be effective as the original. All faxed, emailed, or electronic signatures affirming this Agreement constitute an original signature.

K. **Integration / Single Agreement.** This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals. There is no other agreement, written or oral, expressed or implied between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them or upon which they have relied in any way. The terms and conditions of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement.

L. **Amendments to the Agreement.** This Agreement shall not be altered, amended or modified by oral representation made before or after the execution of this Agreement. All amendments or changes of any kind must be in writing, executed by all Parties.

M. **Advice of Counsel.** Each Party to this Agreement acknowledges that it has had the benefit of advice of competent legal counsel or the opportunity to retain such counsel with respect to its decision to enter into this Agreement. The individuals whose signatures are affixed to this Agreement in a personal or representative capacity represent that they are competent to enter into this Agreement and are doing so freely and without coercion by any other Party or non-party hereto.

N. **Successors.** This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties, and each and every one of the Releasees shall be deemed to be intended third-party beneficiaries of this Agreement.

O. **Attorney's Fees.** Each of the Parties shall bear its own attorney's fees, costs, and expenses in connection with the matters set forth in the Agreement, including, but not limited to, the Litigation and the negotiations and preparation of this Agreement. However, if any Party institutes legal proceedings over the enforcement of this Agreement or any provision of it, the prevailing Party shall be entitled to recover

from the losing Party its costs, including reasonable attorney's fees, at both the trial and appellate levels.

    **P. Waiver of Trial by Jury**.  The Parties knowingly, voluntarily and intentionally waive the right they may have to a trial by jury in respect to any litigation based hereon, or arising out of, under or in connection with this Agreement, any document contemplated to be executed, or any underlying matter, course of dealing, statement (whether verbal or written) or action of the Parties.

IN WITNESS WHEREOF, the Parties hereto evidence their agreement as a sealed instrument and have executed this Agreement as of the day and year first below written.

Dated:  March ____, 2014

_____

Plaintiff Brenton A. Fitzgibbon

BLEICHMAN & KLEIN
By:   /s/ Joshua N. Bleichman
    Joshua N. Bleichman
    268 Route 59 West
    Spring Valley, New York 10977
    Tel: (845) 425-2510
*Counsel for Plaintiff Brenton A. Fitzgibbon*

ROSICKI, ROSICKI, & ASSOCIATES, P.C.
Eric S. Sheidlower, Esq.
51 E. Bethpage Road
Plainview, NY 11803
Tel:  (516) 741-2585 ext. 289
*Counsel for Defendant Seterus*

BUCKLEYSANDLER LLP
Ross E. Morrison
1133 Avenue of the Americas
Suite 3100
New York, New York 10019
Tel: (212) 600-2315
*Counsel for Defendant QBE First Insurance Agency, Inc.*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BRENTON A. FITZGIBBON,<br><br>                Debtor, | Case No. 12-22537 (RDD)<br><br>Chapter 13 |
| BRENTON A. FITZGIBBON,<br><br>                Plaintiff,<br><br>v.<br><br>SETERUS and QBE FIRST INSURANCE AGENCY, INC.,<br><br>                Defendants. | Adv. Case No. 13-08348 (RDD) |

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

      IT IS HEREBY STIPULATED AND AGREED by and between the parties, that the above-captioned adversary proceeding is hereby dismissed with prejudice, and without costs or attorney's fees to any party.

Dated: March ____, 2014

BLEICHMAN & KLEIN


By:   /s/ Joshua N. Bleichman
     Joshua N. Bleichman
     268 Route 59 West
     Spring Valley, New York 10977
     Tel: (845) 425-2510
     bleichmanklein@yahoo.com

*Counsel for Plaintiff*
*Brenton A. Fitzgibbon*


ROSICKI, ROSICKI, & ASSOCIATES, P.C.

By: /s/ Eric S. Sheidlower, Esq.
Eric S. Sheidlower, Esq.
51 E. Bethpage Road
Plainview, NY 11803
Tel: (516) 741-2585 ext. 289
Fax: (516) 873-7243
esheidlower@rosicki.com
*Counsel for Defendant Seterus*



BUCKLEYSANDLER LLP

By: /s/ Ross E. Morrison
Ross E. Morrison
1133 Avenue of the Americas
Suite 3100
New York, New York 10019
Tel: (212) 600-2315
rmorrison@buckleysandler.com

*Counsel for Defendant QBE First Insurance Agency, Inc.*



**IT IS SO ORDERED.**

Dated:  New York, New York
        March ___, 2014

                                           _____
                                           The Honorable Robert D. Drain
                                           United States Bankruptcy Judge